UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENNIS RAY CAPPS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:14-CV-0144-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. ' 2255. The motion appears to be time-barred.

Movant was found guilty by a jury on May 30, 2012, on one count of possession with intent to distribute fifty grams or more of methamphetamine. On January 22, 2013, the Court sentenced movant to life imprisonment. Movant appealed, and the Eighth Circuit Court of Appeals issued its final judgment affirming the sentence on June 11, 2013. Movant filed the instant § 2255 motion on October 7, 2014, which is the date he placed it in the prison's mail system.

Under 28 U.S.C. ' 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is  removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A ' 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a ' 2255 motion.

As stated above, the Eighth Circuit Court of Appeals issued its final judgment on June 11, 2013. The limitations period ended, therefore, on September 9, 2014, four hundred fifty-five days after the judgment was entered. As a result, the motion appears to be barred by the limitations period.

On October 16, 2014, the Court ordered movant to show cause, by November 6, 2014, why the motion should not be summarily dismissed. By submission filed on October 24, 2014, movant advised the Court that he hired a law firm to prepare and file his § 2255 motion, paid in full, followed up with the law firm to express his concerns about the timeliness of the motion, and was reassured that it would be timely filed. Ultimately, movant filed his untimely §2255 motion pro se.

Movant asserts that he is currently in the S.H.U. on lock down and does not have access to

copies of his correspondence with the law firm or his receipt. As of October 24, 2014, movant did not know when he would regain access to this documentation.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall file with the court the documents he described in his October 24, 2014 submission, and any other documents demonstrating why his § 2255 motion should not be dismissed as time-barred, no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his ' 2255 motion will be dismissed.

Dated this 6th day of November, 2014.

_____
**AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE**