UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENNIS RAY CAPPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:14CV0144 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's motion to reconsider this Court's previous denial of the Respondent's first motion to produce affidavits. For the reasons stated below, Respondent's motion shall be granted in part and denied in part.

Petitioner Dennis Ray Capps filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts the following three grounds in support of his motion: (1) one or both of his defense attorneys, Michael Skrien or Patrick McMenamin, was ineffective for failing to convey a plea offer to Petitioner prior to trial; (2) defense counsel was ineffective in failing properly to prepare for the motion to suppress statements and physical evidence, including counsel's failure to obtain still photographs of Petitioner's car at the time of the traffic stop and failure properly to cross-examine the officer regarding the facts leading up to the traffic stop; and (3) a more generalized assertion that defense counsel was ineffective in failing to inspect and object to inadmissible evidence. (Doc. No. 1.)

On January 23, 2015, Respondent filed a motion seeking to compel the production of affidavits from Messrs. Skrien and McMenamin addressing the points asserted in the § 2255 motion. The Court denied the motion on January 26, 2015. (Doc. No. 11.) While recognizing that Petitioner waived the attorney-client privilege with respect to the issues raised in the § 2255 motion, the Court was unwilling to take the further step of ordering Petitioner's prior defense counsel to execute affidavits. *Id*.

In its motion to reconsider, Respondent asks the Court to find that Petitioner has waived his attorney-client privilege respecting any communications between Petitioner and his counsel regarding any plea offers, and again requests the Court to order said witnesses to produce affidavits regarding the narrow issues raised.

As this Court recognized in its prior Order, by asserting claims of ineffective assistance of counsel, Petitioner has, as a matter of law, waived the attorney-client privilege with respect to the issues raised in his § 2255 motion. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1975). Thus, this Court shall specifically find that Petitioner has waived the attorney-client privilege with respect to (1) any communications from either Mr. Skrien or Mr. McMenamin regarding any plea offers, and Petitioner's response thereto, and (2) the alleged deficiencies asserted by Petitioner in counsel's actions regarding (i) the motion to suppress evidence and statements and (ii) the examination of the officer regarding the facts surrounding the traffic stop.

The Court likewise agrees that these witnesses are necessary for Respondent to respond to the § 2255 motion. Thus, as Judge Perry ordered in *Hayes v. United States*, No. 4:09CV531 CDP, 2009 WL 2071244 (E.D. Mo. July 13, 2009), the Court will also

authorize and order Mr. Skrien and Mr. McMenamin to provide the requested information to Respondent at this time, so as to allow Respondent to prepare a response.

Respondent has cited cases in which other courts have recognized their authority to order the prior defense counsel to prepare affidavits or ordered such affidavits. However, the Court declines to follow those cases. This Court believes it is proper to make findings with respect to the scope of the waiver, and to order the defense counsel/witnesses to provide the information necessary to prepare a response. And such defense counsel are certainly *permitted* to memorialize the facts in an affidavit. Absent a showing of necessity, however, the Court does not think it is appropriate to order the defense counsel/witnesses to execute affidavits, as opposed to perhaps testifying at a hearing. Inasmuch as Respondent has asserted in its motion for reconsideration that the two defense counsel have agreed to execute affidavits, here it appears that no such order from this Court is required.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Reconsider the Court's Denial of the Government's First Motion to Produce Affidavits [Doc. No. 14] is **GRANTED in part and DENIED in part**, as follows:

a. Petitioner is found to have waived the attorney-client privilege with respect to the subject areas noted above; and

b. Petitioner's prior defense counsel, Michael Skrien and Patrick McMenamin are authorized and ordered promptly to provide the requested information to

Respondent, consistent with this Order, so as to permit Respondent to file a timely response to the § 2255 motion; and

c. On this record, Respondent's request that the Court order the prior defense counsel to execute affidavits is denied as unnecessary.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2015.